# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Santee Modular Homes, Inc., ) | Civil Action No. 5:14-00249-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Orangeburg County Council, Orangeburg ) | |
| County Administrator Harold Young, and ) | |
| County of Orangeburg, South Carolina, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Santee Modular Homes, Inc. ("Plaintiff"), filed this action as a complaint for temporary injunction, seeking to enjoin Defendants Orangeburg County Council ("OCC"), Orangeburg County Administrator Harold Young ("Young"), and the County of Orangeburg, South Carolina (the "County") (collectively "Defendants") from awarding a procurement contract on Request for Proposal FY14-09025 (the "RFP") for debris removal and disposal services. (ECF No. 1-1.) This matter is before the court pursuant to a motion by Plaintiff for a temporary restraining order ("TRO"). (ECF No. 4.) Plaintiff did not submit a memorandum, affidavit, or other documentation in support of its motion for TRO. For the reasons set forth below, the court **DENIES** Plaintiff's motion for TRO.

## I.     RELEVANT BACKGROUND TO MOTION FOR TRO

In September 2013, the County issued the RFP seeking bids for debris removal and disposal services. (ECF No. 1-1 at 4 ¶ 6 (citing id. at 13-46).) Plaintiff alleges that it timely submitted a proposal to the County in response to the RFP before the September 25, 2013 deadline. (Id. at ¶¶ 7, 8.) On November 20, 2013, the County communicated its intent to award the procurement contract for the RFP to vendor Phillips and Jordan as the primary contract and

vendor CERES as the secondary contract. (ECF No. 1-1 at 4 ¶ 9 (citing id. at 48).) After allegedly engaging in the administrative appeals process pursuant to the Orangeburg County Procurement Code, Plaintiff filed a complaint for temporary injunction and motion for TRO and temporary injunction in the Court of Common Pleas for Orangeburg County, South Carolina on January 9, 2014. (Id. at 1-11; see also ECF No. 4.) In its filings, Plaintiff contends that it is seeking to prevent Defendants from awarding the procurement contract for the RFP to any vendor other than Plaintiff. (Id.) Defendants removed Plaintiff's action from state court to this court on January 30, 2014. (ECF No. 1.)

## II.     LEGAL STANDARD AND ANALYSIS

A.     TROs Generally

TROs are governed by the same general standards that govern the issuance of a preliminary injunction. Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999). The court's authority to issue preliminary injunctions arises from Fed. R. Civ. P. 65. However, "[p]reliminary injunctions are not to be granted automatically." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980). A party seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346–47 (4th Cir. 2009). Only after the plaintiff makes a clear showing that he is likely to succeed on the merits of his claim and that he is likely to be irreparably harmed absent injunctive relief may the court consider whether the balance of equities tips in his favor. See Real Truth, 575 F.3d at 346–47. Finally, the court must pay particular regard to the public consequences of employing

the extraordinary relief of injunction. Real Truth, 575 F.3d at 347 (citing Winter, 555 U.S. at 24).

B.     The Court's Review

Plaintiff did not submit a memorandum, affidavit, or other documentation in support of its motion for temporary injunction. Moreover, the documents attached to the complaint for temporary injunction provide context for the dispute, but do not suggest specific facts to support the TRO. Therefore, upon review of the complaint, its exhibits, and the motion for TRO, the court finds that Plaintiff has failed to demonstrate that any of the four (4) TRO factors weigh in its favor or that the circumstances presented warrant granting its motion for TRO. Therefore, the court must deny Plaintiff's motion for TRO.

### III.     CONCLUSION

Upon careful consideration of the entire record, the court hereby **DENIES** the motion for temporary restraining order of Plaintiff Santee Modular Homes, Inc. (ECF No. 4.) The court instructs Plaintiff to file any and all documentation supporting its motion for preliminary injunction by 5 p.m. on Friday, February 7, 2014. Defendants shall file any and all documentation in opposition to Plaintiff's motion for preliminary injunction by 5 p.m. on Tuesday, February 11, 2014. The court will conduct a hearing on the matter of Plaintiff's motion for preliminary injunction on Friday, February 14, 2014, at 10 a.m.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 3, 2014
Greenville, South Carolina

3